Pamela Lee **WEBB**, a minor of the age of six years, by her Guardian ad Litem, Homer W. Webb, Appellant,

v.

James G. **ROBINSON**, Appellee.

No. 7313.

United States Court of Appeals Fourth Circuit.

Argued Jan. 10, 1957.

Decided Jan. 25, 1957.

I. H. Jacobson, Charleston, S. C. (A. Arthur Rosenblum, Charleston, S. C., on the brief) for appellant.

B. Allston Moore, Charleston, S. C. (Moore & Mouzon and Harold A. Mouzon, Charleston, S. C., on the brief), for appellee.

Before SOPER and SOBELOFF, Circuit Judges, and WARLICK, District Judge.

WARLICK, District Judge.

This is an appeal by plaintiff from a judgment for defendant granted at the close of all the evidence offered in the case under Rule 50 Fed.Rules Civ.Proc., 28 U.S.C.A., in an action to recover damages on account of the alleged negligence of the defendant. The motion was first made at the conclusion of the plaintiff's evidence and on a renewal thereof at the close of all evidence, was allowed. Plaintiff was seriously injured when she was struck by an automobile owned and operated by the defendant. The case was being heard by a jury.

Plaintiff, a child six years of age, lived with her parents on Woodland Shores Road, a residential suburban street in Charleston County, South Carolina,—which road runs approximately North and South. A statement of the evidence in the case could not be better set forth than was done by Judge Williams in his order refusing a new trial, wherein he says:

"The collision out of which this action arose occurred on the Woodland Shores Road in Charleston County, South Carolina. This road is hard surfaced and approximately twenty feet wide. The defendant was traveling in a southerly direction between ten and twenty miles per hour. As he approached the rear of a garbage truck parked partly on the road and partly on the shoulder facing the direction from which defendant was coming, the plaintiff, a child six years old, ran from behind an automobile parked on the highway behind the garbage truck. The defendant swerved to

his right and the child struck the left front fender of defendant's automobile. Defendant was not exceeding the speed limit and was not going faster than conditions justified."

The house in which plaintiff lived faced said road way.

The evidence clearly shows that she left the home, ran down the steps, across the yard, through the gate and out onto the highway where she ran into the left front fender of the station wagon; that she fell about six feet from the east, or far side of the highway, indicating that she had passed over approximately fourteen feet of the highway when the collision came about. She did not testify and but for the testimony of the defendant and witnesses offered by him, it would be somewhat difficult to determine the facts.

Chief Judge Parker, in a very recent case, again laid down the rule that is applicable to a motion such as we are dealing with and clearly defines the law.

"It is well settled that on a motion for a directed verdict or on motion for judgment n.o.v. based on such motion, the evidence must be considered in the light most favorable to the party against whom the directed verdict or the judgment n.o.v. is asked, that any conflict in evidence must be resolved in his favor and that every conclusion or inference that can be legitimately drawn therefrom in his behalf must be drawn." Burcham v. J. P. Stevens & Co., 4 Cir., 209 F.2d 35, 37; Snead v. New York Central Railroad Co., 4 Cir., 216 F.2d 169.

Since it appears that there is no evidence in support of the plaintiff's case, indicating negligence on the part of the defendant, and which was the proximate cause of plaintiff's alleged injury, we hold that judgment entered in the court below was proper and such is affirmed.

Affirmed.